Barbe vs. Hansen et als.

## No. 1316.

### CHARLEY BARBE VS. THOMAS HANSEN ET ALS.

Several individuals enter into an agreement to become the sureties *in solido* of another, on the following terms, viz: Their principal was to purchase from a third person a quantity of land which he was to buy from the United States government at $1 25 per acre, and which was to aggregate in value a stipulated sum, and whereupon a special mortgage and vendor's lien was to be retained as a security therefor.

Their principal's vendor was to give his consent thereto, and on this condition the securities signed a note in his favor.

Such third person, as payee of this note, purchased land of the government, but not for the aggregate amount specified; but he sold it to their principal for that amount.

*Held:* That proof of these averments does not establish a want of consideration, in the absence of proof that the land conveyed was worth less than the price it sold for.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Debaillon*, J.

*A. R. Mitchell* and *M. E. Girard* for Plaintiff and Appellee.

*Geo. H. Wells* for Defendants and Appellants.

The opinion of the Court was delivered by

WATKINS, J. On the 22d of March, 1884, the plaintiff sold to the defendant, S. H. Clement, a tract of land for $2300, for which he executed his promissory note, and consented to a special mortgage and vendor's lien thereon as securing the same.

This note was signed by the other defendants, Thomas Hansen, A. Rigmaiden and H. C. Drew, as securities *in solido*.

The act of sale and mortgage contains the stipulation of ten per cent attorney's fees in the event of suit, and the non-alienation clause.

Suit *via ordinaria* is brought against the principal and sureties, and judgment is demanded against them *in solido* for the principal and interest of the debt, and the ten per cent attorney's fees; and also, for the recognition and enforcement of his special mortgage and vendor's lien on the land.

For answer the securities make the following declaration, substantially, viz:

That they signed the note in error, and there was a want of consideration for their signatures, in that before they signed same, and at the time they were requested by Clement so to do, the latter informed them that he wished to procure the sum of $2300 from the plaintiff for the purpose of purchasing timbered lands from the United States government, and on which he proposed to secure them by mortgage when purchased.

That afterwards and before reaching a final agreement, one of their number informed the plaintiff and Clement that if the former would himself purchase lands from the government with said sum of money, instead of advancing the $2300 to Clement, and would then sell the land to Clement for $2300, and retain a special mortgage and vendor's privilege thereon to secure the payment of the purchase price, he and his associates would sign Clement's note as securities. That this arrangement was consented to by the plaintiff and Clement, and "it was upon this agreement and understanding that they signed the note sued on."

They charge that by means of a fraudulent collusion between the plaintiff and Clement, and without their knowledge, "the plaintiff did not use the whole amount of said sum of $2300 in the purchase of government lands" by the sum of $500, which he loaned to Clement, and the contrary recital of the plaintiff's petition and act of sale are untrue.

They further aver that if they were to pay said note to plaintiff they would thereby become subrogated to his rights of privilege and mortgage as against their principal, and "therefore they have been seriously injured and defrauded by said collusion and fraudulent conduct * * * * because if plaintiff and said Clement had performed, in good faith, (their contract), as aforesaid * * * · the said Clement would have had nearly $500 worth—at the government price of $1 25 per acre—of said lands *more*, than he acquired by his said purchase" on which such mortgage and privilege would have rested;

Barbe vs. Hansen et als.

and that, by this means, and to [this extent, their security has been, and would be reduced in the event of their making payment with subrogation.

Subsequently they amended their answer by averring that since their original answer was filed they have been informed that the plaintiff really employed in his purchase of land from the government only a little more than fifteen hundred dollars, and that he did not loan any portion of the $2300, which was the ostensible consideration of the note and nominal price of the land which he conveyed to Clement.

They allege the intervening insolvency and pending and undetermined cession of Clement, and pray for their entire release and discharge from liability.

On the hearing the judge *a quo* disregarded the defense set up and gave judgment as prayed for by the plaintiff, and defendants have appealed.

In this Court the plaintiff and appellee requests us to give him judgment of ten per cent on the amount of the judgment appealed from, as damages for the prosecution of a frivolous appeal.

We have taken pains to give in detail the substantial averments of the defendant's answers for the sake of precision, and for the reason that we regard them as stating no defense to their liability on the note.

Their is neither allegation in their answers nor proof in the record of the inadequacy of the land mortgaged as a security for the debt. Hence, if they should pay it, they could, presumably, be reimbursed. What matters it to them if their theory be correct, and that representations were made as stated, if their security be ample?

The fact that their principal has become insolvent since the note was executed, and has made a cession under the insolvent law, does not absolve them from either their obligation or duty. Neither does his surrender impair the value of their security or deprive them of their right to procure a seizure and sale of the property.

The proof is positive to the effect that the land is worth $2300, and has not been disposed of by the syndic of the insolvent.

With regard to the rights of mortgaged and privileged creditors of an insolvent, see Spears vs. His Creditors, decided at Monroe at our recently adjourned term. The judgment appealed from is correct and should not be disturbed; but we do not regard this as a proper case for the infliction of damages for the prosecution of a frivolous appeal.

Judgment affirmed.